IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:09cr481 |
| | ) | |
| DARIUSZ PIETRASZEWSKA, | ) | |
| Defendant. | ) | |

## ORDER

The matter came before the Court for trial on March 16, 2010. Defendant did not appear and the trial did not proceed, however, as defendant remains a fugitive.

At the time defendant was arraigned on the original indictment at a December 11, 2009 hearing, (i) the trial was set for March 16, 2010, and (ii) defendant was continued on bond. The parties' request to set the trial date in this matter after the January 29, 2010 speedy trial deadline was found to be appropriate because "the ends of justice served by the granting of a continuance . . . outweigh[ed] the best interest of the public and the defendant in a speedy trial" in light of the fact that defendant and his counsel were scheduled to proceed at a separate trial for related charges on January 25, 2010. *United States v. Pietraszewska*, 1:09cr481 (E.D. Va. Dec. 11, 2009) (Order); *see also* 18 U.S.C. § 3161(h)(1)(B) (excluding from speedy trial clock "delay resulting from trial with respect to other charges against defendant"). It is worth noting that although defendant waived his statutory right to a speedy trial under 18 U.S.C. § 3161, the Supreme Court's decision in *Zedner v. United States*, 547 U.S. 489, 500 (2006), recognizes that "§ 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act."

Subsequently, during a March 5, 2010 status conference, counsel for the parties represented that defendant has been a fugitive since he failed to appear for a January 15, 2010 arraignment on the superseding indictment returned against him, despite the fact that a bench warrant issued at the time of the arraignment. Defendant remains a fugitive and accordingly failed to appear on March 16, 2010, for trial on the counts charged in the superseding indictment. In the circumstances, then, the trial was continued indefinitely. Notably, the period of time since defendant became a fugitive on January 15, 2010, must be excluded for purposes of calculating defendant's speedy trial date under 18 U.S.C. § 3161(h)(3)(A) (excluding "[a]ny period of delay resulting from the absence . . . of defendant," namely when "a defendant['s] . . . whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution").

Accordingly, for the reasons stated from the Bench and in this Order, and for good cause,

It is hereby **ORDERED** that the trial in this matter is **CONTINUED** until further Order of the Court.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 16, 2010

/s/ 
T. S. Ellis, III
United States District Judge